UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LISA BEAULIEU and<br>CODY DiFRONZO-HAYES<br>    Plaintiffs,<br><br>v.<br><br>RIDES BY RYAN LLC and<br>NATIONAL AUTO LOANS LLC<br>    Defendants. | CIVIL ACTION NO.:<br>3:17-cv-458-RNC<br><br><br><br><br><br><br>FEBRUARY 5, 2018 |

## AMENDED COMPLAINT

### I. INTRODUCTION

1. This is an action brought by a consumer under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, against a car dealership in connection with Plaintiffs' purchase of a motor vehicle. Plaintiffs also assert pendent state law claims for violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110 *et seq.*

### II. PARTIES

2. Plaintiff, Lisa Beaulieu ("Beaulieu" or "Plaintiff"), is a natural person residing in Marlborough, Connecticut.

3. Plaintiff, Cody DiFronzo-Hayes ("Hayes" or "Plaintiff"), is a natural person residing in Marlborough, Connecticut.

4. Defendant, Rides by Ryan LLC ("Rides by Ryan"), is a Connecticut limited liability company that operates a motor vehicle dealership in Meriden, Connecticut.

5. Defendant, National Auto Loans LLC ("National Auto"), is a Texas limited liability company with a business address in Waterbury, Connecticut, and it is a finance company that accepts assignment of retail installment sales contracts.

### III. JURISDICTION

6. Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1640(e). Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

7. This Court has jurisdiction over Rides by Ryan because it is organized under the laws of the state of Connecticut and regularly conducts business in this state.

8. This Court has jurisdiction over National Auto because it regularly conducts business in this state.

9. Venue in this Court is proper, because the Plaintiffs reside in Connecticut and the transaction occurred in this state.

### IV. FACTUAL ALLEGATIONS

10. On or about August 8, 2016, Beaulieu and Hayes agreed to purchase a 2005 Jeep Grand Cherokee (the "Vehicle") from Rides by Ryan.

11. The cash price of the Vehicle was $9,000.00.

12. Hayes paid a down payment of $1,800.00 to Rides by Ryan.

13. Rides by Ryan prepared a Retail Installment Contract (the "First Contract").

14. The First Contract indicated that it had been assigned to Sensible Auto Lending.

15. Rides by Ryan failed and neglected to provide Plaintiffs with a copy of the First Contract and did not provide them with any of the disclosures required under 15 U.S.C. § 1638.

16. Plaintiffs could not take delivery of the Vehicle on August 8, 2016 because Rides by Ryan had been unable to assign the First Contract.

17. Approximately ten days later, Rides by Ryan requested that Plaintiffs sign a new contract to be financed by National Auto.

18. Plaintiffs no longer wanted to proceed with the transaction and requested a refund of the deposit.

19. Rides by Ryan refused to return the deposit.

20. Because Rides by Ryan refused to refund their deposit, Plaintiffs felt compelled to enter into a second contract even though Rides by Ryan was no longer willing to abide by the First Contract and even though Plaintiffs no longer wished to purchase the Vehicle.

21. On or about August 20, 2016, Rides by Ryan prepared a second Retail Installment Contract (the "Second Contract"), which constituted a separate and independent transaction.

22. The Second Contract listed a down payment of $3,835.00 even though no additional money was paid as a down payment.

23. Rides by Ryan failed and neglected to provide Plaintiffs with a copy of the Second Contract and did not provide them with any of the disclosures required under 15 U.S.C. § 1638.

24. The Second Contract was assigned to National Auto.

## V. CAUSES OF ACTION

### A. TRUTH IN LENDING ACT (First Contract)

Asserted against Rides by Ryan

25. Plaintiffs incorporate paragraphs 1-15.

26. Rides by Ryan failed to provide Plaintiffs with a copy of the First Contract, which contained the truth in lending disclosures, on the date the documents were signed.

27. Consequently, Rides by Ryan violated TILA by failing to give Plaintiffs the required disclosures in a form that they could keep prior to consummation of the transaction.

28. For its violations of TILA, Rides by Ryan is liable to Plaintiffs for actual damages, plus additional damages of $2,000, and a reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1640.

### B. TRUTH IN LENDING ACT (Second Contract)

Asserted against Rides by Ryan

29. Plaintiffs incorporate paragraphs 1-28.

30. Rides by Ryan falsely stated that Plaintiffs paid a down payment of $3,835.00 when they had not paid any down payment at the time of the Second Contract and had paid only $1,800.00 at the time of the First Contract.

31. Rides by Ryan made this false statement in order to induce National Auto into believing that Plaintiffs were making a larger down payment than was actually being paid so that National Auto would accept assignment of the Second Contract.

32. The purchase price of the Vehicle as listed in the Second Contract was artificially inflated to include the portion of the down payment that was neither requested nor received by Rides by Ryan, resulting in an increase sales tax charge of approximately $144.30.

33. This $114.30 was included in the amount financed in the disclosures in the Second Contract.

34. The $114.30 should have been disclosed as a finance charge rather than as part of the amount financed, because it would not have been charged in a cash purchase.

35. Rides by Ryan also violated TILA by failing to provide Plaintiffs with a copy of the Second Contract, which contained the required truth in lending disclosures, on the date the documents were signed in a form they could keep.

36. For its violations of TILA, Rides by Ryan is liable to Plaintiffs for actual damages, plus additional damages of $2,000, and a reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1640.

### C. CONNECTICUT UNFAIR TRADE PRACTCES ACT
#### Asserted Against Both Defendants

37. Plaintiffs incorporate paragraphs 1-36.

38. Rides by Ryan acted unfairly and deceptively by failing and refusing to give the Plaintiffs copies of the retail installment sales contracts, by refusing to refund the deposit when it was no longer willing to honor the terms of the First Contract, and by listing a false down payment in the Second Contract.

39. Plaintiffs suffered an ascertainable loss because they were required to enter into the Second Contract when they no longer wished to purchase the vehicle, they were unable to compare the terms of the First Contract and the Second Contract, and they paid additional sales tax in the Second Contract due to an artificially inflated purchase price.

40. Rides by Ryan is liable to Plaintiffs for their damages plus punitive damages and a reasonable attorney's fee.

41. National Auto Loans, as the assignee of the Second Contract, is liable to Plaintiff as assignee pursuant to the terms of the Second Contract and pursuant to Conn. Gen. Stat. § 52-572g.

Wherefore, Plaintiffs claim actual damages, statutory damages under TILA in the amount of $2,000 for each contract, or $4,000, actual damages, punitive damages, and attorney's fees and costs.

>PLAINTIFFS, LISA BEAULIEU and CODY DiFRONZO-HAYES,
>
>By: /s/ *Daniel S. Blinn*
>Daniel S. Blinn (ct02188)
>dblinn@consumerlawgroup.com
>Consumer Law Group, LLC
>35 Cold Spring Rd. Suite 512
>Rocky Hill, CT  06067
>Tel. (860) 571-0408
>Fax (860) 571-7457

CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of February, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

>/s/ *Daniel S. Blinn*
>Daniel S. Blinn